UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'   JS-6

| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** DEFENDANT CITY OF STANTON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (Dkt. 38, filed on April 18, 2025)

DEFENDANT CITY OF STANTON'S MOTION TO STRIKE PORTIONS OF THE AMENDED COMPLAINT (Dkt. 39, filed on April 18, 2025)

## I. INTRODUCTION

On August 19, 2024, Deepa Patel ("Patel"), Sureshbhai Ahir ("Ahir"), California One Hospitality LLC, and Megha Hospitality LLC filed this action against the City of Stanton ("the City"), Elio Palacios, Jr. ("Palacios"), and Does 1-10. Dkt. 1 ("Compl."). They asserted three claims for relief: (1) violations of at least seven constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983"); (2) violations of their statutory rights and the rights of their "minority guests and patrons" pursuant to the Federal Fair Housing Act ("FFHA"), 42 U.S.C. § 3604(b); and (3) writ relief pursuant to California Code of Civil Procedure § 1094.5 ("Section 1094.5"). Compl. ¶¶ 47-61.[1]

---

[1] In the original complaint, Patel and California One Hospitality LLC only claimed violations related to the revocation of the business license because their other claims were asserted in an earlier, related case. Compl. ¶ 44. Ahir and Megha Hospitality LLC, however, were not plaintiffs in the related case. They claimed violations of their federal civil rights for the City's failures to provide them notice at hearings and "other federal constitutional violations by the actions of the City." Id. ¶¶ 44-45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

On November 14, 2024, Patel, Ahir, California One Hospitality LLC, and Megha Hospitality LLC voluntarily dismissed defendant Palacios from this action. Dkt. 25.

On December 6, 2024, the City filed a motion to dismiss the complaint. Dkt. 27. On February 5, 2025, the Court granted the City's motion in its entirety. Dkt. 34. On the same day, in the related case of Patel v. City of Stanton, Case No. 8:24-CV-00780-CAS-DFMx, the Court dismissed Patel and California One Hospitality LLC's second amended complaint with prejudice for failure to comply with Rule 8 and failure to state a claim. See Case No. 8:24-CV-00780-CAS-DFMx, dkt. 44. The Court incorporated these findings into its February 5, 2025 order in the instant case, and therefore only granted leave to amend to plaintiffs Ahir and Megha Hospitality LLC ("plaintiffs"). Dkt. 34 at 11. The Court limited leave to amend to their Fourteenth Amendment procedural due process claim. Id.

On March 7, 2025, plaintiffs filed their first amended complaint. Dkt. 35 ("FAC"). Plaintiffs now assert two claims against the City: (1) violations of their Fourteenth Amendment procedural due process rights pursuant to Section 1983; and (2) writ relief pursuant to Section 1094.5 to reverse and vacate the City and Palacios' decisions to revoke their motel permit and business license. FAC ¶¶ 42-51.

On April 18, 2025, the City filed the instant motion to dismiss the FAC, dkt. 38 ("Mot. 1"), as well as the instant motion to strike portions of the FAC, dkt. 39 ("Mot. 2"). On April 29, 2025, plaintiffs filed oppositions to both motions. Dkt. 40 ("Opp. 1"), dkt. 41 ("Opp. 2"). On May 5, 2025, the City filed replies. Dkt. 42 ("Reply 1"), dkt. 43 ("Reply 2").

On May 19, 2025, the Court held a hearing. The City's motion to dismiss and motion to strike are presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

///

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

## II. BACKGROUND

Plaintiffs allege the following facts in their FAC. Patel, a successful real estate and motel developer, is the principal owner and member of California One Hospitality LLC.[2] FAC ¶¶ 3-4, 8. Plaintiff Ahir is the principal owner and member of plaintiff Megha Hospitality LLC. Id. ¶ 4. Patel and California One Hospitality LLC are the owners of Dixie Orange County ("DOC"), a 36-unit motel in Stanton, California. Id. ¶¶ 2-3, 12. Patel and California One Hospitality LLC lease the motel to plaintiffs Ahir and Megha Hospitality LLC, who operate it. Id. ¶ 3. The business license to operate the motel, issued by the City, is held by Ahir, Megha Hospitality LLC, and DOC. Id. ¶ 10.

Plaintiffs allege that the motel has never been cited for criminal or administrative fines, with the exception of "a recent dispute that gave rise to an unfounded administrative citation regarding a gate" that was placed in front of the motel, at the request of the City and the Orange County Sheriff's Department. Id. ¶ 12. Plaintiffs state that the proceedings related to the citation were "retaliatory," as Patel and California One Hospitality LLC had recently applied to the City to approve an expansion project, which would add 14 units to the motel. Id. Plaintiffs state that the expansion "became the subject of a long and contentious dispute as to its approval." Id. On an unspecified date, Patel and California One Hospitality LLC appealed the citation. Id. ¶ 27.

At some point following the appeal from the citation, the City Planning Commission of Stanton held a hearing where it revoked the motel's permit. Id. ¶ 11. On December 20, 2023, the City Planning Commission held another hearing, where it approved the revocation of the permit in Resolution No. 2662, "claiming that [the motel] was operating as a public nuisance." Id. At this hearing, Patel and California One Hospitality LLC contested the revocation and raised various federal constitutional objections. Id. ¶ 12. However, plaintiffs Ahir and Megha Hospitality LLC allege that they were never notified of the proceedings and were therefore "unaware of the December 20, 2023 hearing." Id. ¶ 14. Plaintiffs state that they did not have the opportunity to attend and object, even though the City was aware of the fact that they held the business license to operate the motel. Id. Had the City notified plaintiffs of the

---

[2] At times, the FAC refers to Patel and California One Hospitality LLC as "plaintiffs." See FAC ¶ 3. For the sake of clarity, the Court does not refer to them as plaintiffs, because they are no longer plaintiffs in this action. See id. ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

December 20, 2023 hearing, plaintiffs assert that they would have attended and objected to the revocation. Id. ¶ 15. Plaintiffs state that the revocation of the permit directly impacts their business license and their ability to operate the motel, because without a permit, the motel cannot operate. Id. ¶ 13. As holders of the business license and operators of the motel, plaintiffs assert that they collect Transient Occupancy Tax from their guests, and timely remit these funds to the City on a monthly basis. Id. ¶ 17.

On January 2, 2024, Patel and California One Hospitality LLC filed a timely appeal of the City Planning Commission's decision to approve revocation of the permit. Id. ¶ 19. Plaintiffs Ahir and Megha Hospitality LLC state that they did not file an appeal of the permit revocation because the City never notified them of it. Id. ¶ 19. If they had been notified of the revocation, plaintiffs Ahir and Megha Hospitality LLC assert that they would have requested an appeal, due to its effect on their business license. Id. ¶ 20.

On January 23, 2024, the City Council heard the appeal. Id. ¶ 21. Plaintiffs Ahir and Megha Hospitality LLC assert that they were not provided notice of the City Council appeal hearing, and thus could not attend or object. Id. ¶ 24. At the hearing, Patel and California One Hospitality LLC raised their previous objections, including that the motel was not a nuisance. Id. ¶ 22. Nevertheless, the City Council upheld the City Planning Commission's decision to revoke the permit in Resolution No. 2024-02. Id. ¶ 23. This effectively required closure of the motel. Id. Had the City notified Ahir and Megha Hospitality LLC of the appeal hearing, they allege that they would have attended and objected. Id. ¶ 25. Further, after the hearing, plaintiffs allege that the City and the City Clerk did not give them notice of the adoption of the resolution. Id. ¶ 26.

On April 9, 2024, Patel and California One Hospitality LLC filed a lawsuit, later dismissed with prejudice, challenging the permit revocation and citation and alleging violations of their civil rights for actions taken up to that point. Id. ¶ 27-28. This is the related case, Patel v. City of Stanton, Case No. 8:24-CV-00780-CAS-DFMx. Id.

On May 20, 2024, the City held an administrative hearing to revoke Ahir and Megha Hospitality LLC's business license. Id. ¶ 30. At the hearing, defendant Palacios presided as the "outside" administrative hearing officer. Id. ¶¶ 31-32. Plaintiffs allege that he was unilaterally chosen and paid by the City. Id. ¶ 32. The hearing was attended by Patel, California One Hospitality LLC, Ahir, and Megha Hospitality LLC. Id. ¶ 33. Plaintiffs allege that at the hearing, Palacios stated that he was the final decisionmaker on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

behalf of the City regarding the business license. Id. ¶ 40. At the start of the hearing, plaintiffs' counsel requested that Palacios recuse himself to avoid the appearance of bias, because he was paid and unilaterally chosen by the City without plaintiffs' consent. Id. ¶ 34. Palacios refused to do so. Id. ¶ 35. During the hearing, plaintiffs objected on the basis that issues related to the revocation of the permit and the citation were pending on appeal in federal court, and thus were not judicially final. Id. ¶ 36. Plaintiffs also raised their previous objections about revocation being oppressive and disproportionate. Id. ¶ 37. Patel and Ahir were present and testified that the motel was not operating as a public nuisance. Id. ¶ 38. Nevertheless, on May 29, 2024, Palacios revoked plaintiffs' business license. Id. ¶ 35. Plaintiffs allege that he did not consider the financial impact this would have on plaintiffs, or consider "less drastic means," such as placing conditions on the business license. Id. ¶ 39. Plaintiffs state that the decision was based on double hearsay by the City, over plaintiffs' objections, without any percipient witnesses to establish the alleged claim that the motel was a nuisance. Id. ¶ 36. On May 30, 2024, Palacios mailed the decision to plaintiffs and the City. Id. ¶ 35.

As a result of the City's actions, plaintiffs state that they have been subject to substantial economic and non-economic damages. Id. ¶ 41.

## III. LEGAL STANDARD

### A. Rule 12(b)(6) Motion

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**   **JS-6**

| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Rule 12(b)(1) Motion

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

C. **Rule 12(f) Motion**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

IV. **DISCUSSION**

A. **Fourteenth Amendment Claim Pursuant to Section 1983**

The City first argues that plaintiffs' claims related to the citation and motel permit exceed the scope of amendment permitted by the Court. Mot. 1 at 1. The City next asserts that the FAC shows that Ahir and Megha Hospitality LLC were not denied due process, as it alleges that Ahir testified at the business license hearing and presented objections, after which an independent hearing officer, Palacios, provided a written decision upholding the revocation. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'   JS-6

| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

Separately, the City argues that the FAC fails to identify an underlying constitutional violation by a city employee that could satisfy Monell, because Palacios is not a city employee. Id. at 4-5. The City further contends that Palacios' decision is not a policy statement. Id. at 5. The City argues that the FAC fails to identify a specific policy, practice, or custom by the City and offers only "boilerplate allegations." Id.

In opposition, plaintiffs argue that Ahir and Megha Hospitality LLC were granted leave to amend their Fourteenth Amendment procedural due process claim not only in regard to the business license revocation, but also in regard to the appeal of the citation and the revocation of the permit. Opp. 1 at 2. Plaintiffs contend that the FAC adequately alleges that Ahir and Megha Hospitality LLC were not provided notice of the Planning Commission and City Council hearings where the motel's permit was revoked, despite the fact that the City knew they were business license holders. Id. at 4. Plaintiffs assert that the City Council, as the City's highest legislative body, is the Monell actor, because it adopted the Planning Commission's revocation of the permit. Id. Further, plaintiffs assert that Ahir and Megha Hospitality LLC were not provided notice after the resolution was adopted, as required by California Code of Civil Procedure Section 1094.6. Id. at 5.

Additionally, plaintiffs argue that Palacios' status as a unilaterally designated, temporary hearing officer paid by the City gives rise to a procedural due process claim against the City under Haas v. Cnty. of San Bernardino, 27 Cal. 4th 1017, 1024 (2002). Id. Plaintiffs assert that Palacios' revocation of the business license was a final administrative decision under Monell, and that Palacios' role creates the appearance of bias, denying plaintiffs' their due process right to a fair hearing. Id. at 6.

In reply, the City argues that "it is clear" from the Court's prior ruling that Ahir and Megha Hospitality LLC were only granted leave to amend their claim based upon the revocation of the business license. Reply 1 at 2. Even if they had been granted leave to assert claims related to the citation and motel permit revocation, the City contends that they lack standing to do so, as previously held by the Court. Id. at 2. Finally, the City argues that plaintiffs' Haas claim fails because the FAC does not allege that Palacios' income from future adjudicative work depended entirely on the City's goodwill; instead, it "speculates that Palacios was biased, with no factual support." Id. at 3.

As an initial matter, the Court agrees with plaintiffs that the Court's February 5, 2025 order granted Ahir and Megha Hospitality LLC leave to amend their procedural due process claims, including claims related to the citation appeal and permit revocation. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'   JS-6

| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

citation appeal and permit revocation were principally the focus of allegations in the related case, Patel v. City of Stanton, Case No. 8:24-CV-00780-CAS-DFMx, which the Court dismissed with prejudice. See Case No. 8:24-CV-00780-CAS-DFMx, dkt. 44. In the instant case, the Court found that the facts alleged in both cases were identical, warranting dismissal of Ahir and Megha Hospitality LLC's claims related to the citation appeal and permit revocation. However, when making this finding, the Court explicitly noted the "exception of plaintiffs Ahir and Megha Hospitality LLC's lack of notice of the City's proceedings." Dkt. 34 at 10. Because plaintiffs Ahir and Megha Hospitality LLC had not previously had the opportunity to amend their claims related to this allegation, the Court found that leave to amend was appropriate. Additionally, leave to amend these claims was specifically requested by plaintiffs' counsel. Id. at 11.

      The Court concludes, however, that the FAC has not cured the deficiency previously identified in plaintiffs' complaint: Ahir and Megha Hospitality LLC lack standing to assert these claims. To establish standing to sue, a plaintiff's injury must be (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).

      Plaintiffs have attempted to plead that they have standing by alleging that "[t]he revocation of the [p]ermit by the City Planning Commission has a direct impact on [Ahir and Megha Hospitality LLC's] [b]usiness [l]icense and ability to operate the [m]otel." See FAC ¶ 13. However, the fact that Ahir and Megha Hospitality LLC were directly impacted by the citation and the permit revocation does not mean that "the injury… affects [plaintiffs] in a personal and individual way." Lujan, 504 U.S. at 561, n.1 (1992). It remains undisputed that Ahir and Megha Hospitality LLC did not receive the administrative citation and did not hold the motel permit. Dkt. 34 at 8. Accordingly, the Court finds that Ahir and Megha Hospitality LLC lack standing to assert claims related to the citation and motel permit. See also Makdessian v. City of Mountain View, 152 F. App'x 642, 644 (9th Cir. 2005) ("Where state law contains detailed provisions for the suspension and revocation of a conditional use permit, the *holder of the permit* has a sufficient claim of entitlement to trigger the constitutional requirements of due process if the *holder* is denied the permit.") (emphasis added); Cal. Gov. Code §§ 65905, 65091 (requiring that only "owners" of real property affected by a conditional use permit be notified of a hearing thereon by mail); Stanton Municipal Code § 5.20.150 ("Notice of the revocation hearing together with written notification of the specific grounds of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

complaint against the *permittee* shall be personally delivered or sent via certified mail to the *permittee* at least ten days prior to the hearing") (emphasis added).

Turning to the business license, the Court again finds that, assuming *arguendo* that plaintiffs have standing as business license holders, due process was afforded in this matter. Due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Here, the FAC confirms that Ahir and Megha Hospitality LLC had notice and an opportunity to be heard at the business license revocation hearing on May 20, 2024, as they attended the hearing, testified, and raised legal and constitutional objections. See FAC ¶¶ 33, 36-38. Further, Palacios' decision lists Ahir as a respondent and describes his testimony. See dkt. 35-1 at 1, 5 ("Ahir[] did not provide any testimony or evidence about specific measures and practices he has undertaken to keep the hotel in compliance and to control activities that could lead to law enforcement responses or other violations… Ahir only stated a vague generality that he believes he has been in compliance.").

Accordingly, it appears that the requirements of due process were satisfied. Because plaintiffs had an opportunity to allege additional facts pertaining to this issue and were unable to do so, the Court finds that further amendment would be futile. See Patel v. City of Los Angeles, No. 2:24-CV-04265-JLS-JPR, 2024 WL 5163226, at *7-8 (C.D. Cal. Oct. 25, 2024) ("Plaintiffs' claim fails because due process requires only notice and a single opportunity to be heard... Because the facts as alleged show that Plaintiffs were provided with all the process that was due, Plaintiffs cannot cure these deficiencies, and so the dismissal is with prejudice.").

In addition to lack of notice, plaintiffs appear to argue that their due process claim is based on the theory articulated by the California Supreme Court in Haas. Haas found that the practice of "selecting temporary administrative hearing officers on an ad hoc basis and paying them according to the duration or amount of work performed… gives hearing officers an impermissible financial interest in the outcome of the cases they are appointed to decide." See Haas, 27 Cal. 4th at 1020. Other district courts have applied Haas. See, e.g., Stokes v. City of Visalia, No. 1:17-cv-01350-DAD-SAB, 2017 WL 6344416, at *5-6 (E.D. Cal. Dec. 12, 2017) (finding that plaintiff satisfied the "likelihood of success on the merits" prong of a preliminary injunction motion based on Haas by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

raising "serious questions" as to the legality of city's employment scheme of a hearing officer); Lucky Dogs LLC v. City of Santa Rosa, 913 F. Supp. 2d 853, 860 (N.D. Cal. 2012) (striking down city's system of unilaterally selecting hearing officers and hiring them to renewable two year terms based on Haas because it "implicitly held out the possibility of future employment in exchange for favorable decisions").

Here, however, plaintiffs do not sufficiently state a claim based on Haas. Plaintiffs allege that Palacios was "unilaterally chosen by the City to act as the outside administrative hearing officer and paid by the City to do so, and Plaintiffs had no choice in the matter." FAC ¶ 32. Plaintiffs do not allege that Palacios was paid "according to the duration or amount of work [he] performed" or that he held "an impermissible financial interest in the outcome" of plaintiffs' case. See Haas, 27 Cal. 4th at 1020. Accordingly, the Court finds that plaintiffs again fail to adequately plead a Haas claim, and that dismissal is warranted.

At oral argument, plaintiffs' counsel specifically requested leave to amend the Haas claim. The Court finds that leave to amend is not appropriate in these circumstances. First, plaintiffs had an opportunity to amend this claim previously, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." See City of Los Angeles v. San Pedro Boat Works, 635 F.3d 440, 454 (9th Cir. 2011). Furthermore, the Court's findings in the related case, which were incorporated in the Court's order dated February 5, 2025 in the instant case, see dkt. 34 at 11, provided detailed guidance on the amendments required for the Haas claim to survive dismissal. See Case No. 8:24-CV-00780-CAS-DFMx, dkt. 44 at 18; see also Case No. 8:24-CV-00780-CAS-DFMx, dkt. 27 at 15-16. Nevertheless, plaintiffs failed to amend the FAC in the instant case in conformity with the Court's order, demonstrating the futility of future amendment. Second, even if plaintiffs could allege additional facts relevant to this claim, the Court notes that the Ninth Circuit has previously declined to apply Haas, recognizing that it "applied federal law but is not controlling on us." Patel v. City of S. El Monte, 827 F. App'x 669, 673 (9th Cir. 2020). As in Patel, the Court finds that the FAC "fails to allege that the hearing officer here had a financial bias in the outcome of his case, as needed to meet" the requirements of procedural due process under federal law. Patel, 827 F. App'x at 673. Third, and independently, the Court finds that leave to amend would be futile because plaintiffs have failed to demonstrate that their business license constitutes a property interest protected by the Fourteenth Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution. The Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972). A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from "existing rules or understandings that stem from an independent source such as state law." Roth, 408 U.S. at 577. "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms. Although procedural requirements ordinarily do not transform a unilateral expectation into a protected property interest, such an interest is created if the procedural requirements are intended to be a 'significant substantive restriction' on… decision making." Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 62 (9th Cir. 1994) (citations and quotations omitted). The Supreme Court's "cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 756 (2005).

Here, the relevant "independent source" to examine for a protected property interest is the Stanton Municipal Code, as addressed in Palacios' decision. See dkt. 35-1 at 2-3. It provides, in pertinent part:

A. The city shall have grounds to deny the issuance of a business license or suspend or revoke an existing business license when:

1. The building, structure, premises, or the equipment used to conduct the business activity fails to comply with all applicable health, zoning, fire, building and safety laws of the state or city;

…

B. The city shall also have grounds to suspend or revoke a business license when:

…

2. At least two verified police reports of a disturbance of the peace, disorderly conduct, or similar violations, or citations or arrests have been made regarding the business within the immediately preceding twelve-month period;

…

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'   JS-6

| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

> D. The city, *in its sole and absolute discretion*, shall have the authority to determine whether a suspension or revocation is appropriate, in the interest of the public health, welfare, and safety.

Stanton Municipal Code § 5.04.206 (emphasis added). Given that the City has the right to regulate business licenses in this manner, the City's revocation of plaintiffs' business license here does not constitute a deprivation of a property right. See Kraft v. Jacka, 872 F.2d 862, 867 (9th Cir. 1989) (holding that a Nevada statute granting Gaming Control Board "full and absolute power and authority" to deny license applications "for any reason deemed reasonable by the Board" does not create a property interest); see also Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 492 n.22 (1987) ("Courts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance."). Because plaintiffs do not have a protected property interest in their business license, they cannot state a procedural due process claim based on the denial of a property interest. Furthermore, it is not possible to cure this defect, making amendment of this claim futile.

**B.    California Code of Civil Procedure Section 1094.5 Claim**

The City argues that, if the Court dismisses plaintiffs' first claim, it should then decline to exercise supplemental jurisdiction over this remaining state law claim. Mot. 1 at 6. Further, the City asserts that plaintiffs' Section 1094.5 claim fails because it is not verified and does not sufficiently plead the required elements. Id.

Plaintiffs do not address this argument in their opposition.

The Court did not grant plaintiffs leave to amend this claim, see dkt. 34 at 11, which is an independent basis for dismissal. See Kennedy v. Full Tilt Poker, No. CV 09-07964 MMM AGRx, 2010 WL 3984749, at *1 (C.D. Cal. Oct. 12, 2010) (noting that the Court struck the plaintiffs' third amended complaint because the pleading "exceeded the authorization to amend" that the Court had previously granted).

Nevertheless, assuming *arguendo* that plaintiffs were permitted to assert this claim, the Court declines to exercise supplemental jurisdiction for prudential reasons. California district courts "routinely deny supplemental jurisdiction over California writ of mandate claims." Mory v. City of Chula Vista, No. CV 10-252 JLS-WVG, 2011 WL 777914, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:24-cv-06998-CAS-DFMx | Date | May 19, 2025 |
|---|---|---|---|
| Title | Deepa Patel et al. v. City of Stanton et al. | | |

*2 (S.D. Cal. Mar. 1, 2011). "Mandamus proceedings to compel a state administrative agency to act are actions that are uniquely in the interest and domain of state courts." Id. Here, as in Mory, a "California citizen is suing a California governmental entity under California law." Id. As such, "issues of federalism and comity… loom especially large." Id. Therefore, the Court in its discretion declines to exercise supplemental jurisdiction over plaintiffs' writ relief claims under 28 U.S.C. sections 1367(c)(1) and (c)(4). See also Patel v. City of Los Angeles, No. 2:24-CV-04265-JLS-JPR, 2024 WL 5163226, at *9 (C.D. Cal. Oct. 25, 2024) ("in the absence of any viable federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' putative state law claim."); Louie v. City of El Monte, No. LA CV-20-06809-JAK-SKx, 2021 WL 6618558, at *7 (C.D. Cal. June 10, 2021) (declining to exercise jurisdiction over writ of mandate claims because they "raise[] issues that are uniquely suited for resolution by California courts… [which] are familiar with and regularly consider such writs.")

    **C.**    **Motion to Strike**

The City alternatively argues that if the claims are not dismissed, portions of the FAC should be stricken. Mot. 2 at 2. Because the Court has dismissed all of the claims in the FAC, it does not reach the City's motion to strike.

**V.**    **CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** the City's motion to dismiss and dismisses the FAC in its entirety. Because further amendment of plaintiffs' procedural due process claim would be futile, the Court dismisses this claim with prejudice. See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile"). The dismissal of plaintiffs' state law Section 1094.5 claim is without prejudice to plaintiffs filing it in the California courts.

The Court **DENIES** the City's motion to strike as moot.

IT IS SO ORDERED.

                                                                                                            00   :   15

                                                         Initials of Preparer        CMJ